IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16-CR-35 |
| v. | ) | |
| | ) | |
| | ) | |
| THOMAS ALLEN SCARBROUGH, | ) | (JORDAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case came before the Court on April 28, 2016, for a scheduled pretrial conference and scheduling hearing. Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Attorney Gregory P. Isaacs represented the Defendant, who was also present.

Just before the hearing, Mr. Isaacs filed a Motion to Continue the Trial Date and Extend Filing Deadlines [Doc. 15]. The motion states that an ends of justice continuance is appropriate in this case because the case involves complex issues of law and fact that make it unreasonable to adequately prepare for pretrial proceedings and for trial within the usual time limits. Specifically, the Defendant asserts that the Government's means of discovery of the alleged criminal acts in this case presents factual and legal issues of first impression, which may require an evidentiary hearing. He also contends that once these novel issues are litigated, counsel will

1

need additional time to investigate and prepare a trial strategy. The Defendant argues that a trial continuance is necessary to allow defense counsel to provide the effective assistance of counsel.

At the hearing, Mr. Isaacs said that he had reviewed the motion with the Defendant, who agreed with the request for a continuance. The Court questioned Defendant Scarbrough, who stated that he understood his right to a speedy trial and that his attorney was asking that his trial be continued to the fall of 2016. He approved the request for a trial continuance. AUSA Morris briefly reviewed the motion and said that the Government did not object. He agreed that additional time was needed to litigate the suppression motion and to explore a plea agreement. The parties agreed to a new trial date of November 2, 2016, and that all of the time between the filing of the suppression motion and the new trial date is fully excludable under the Speedy Trial Act.

The Court finds the Defendant's motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). On April 21, 2016, the Defendant filed a Motion to Suppress [Doc. 14] evidence, asking the Court to suppress evidence seized in the search of his residence pursuant to a search warrant because the search violates the First and Fourth Amendments to the United States Constitution. 18 U.S.C. § 3161(h)(1)(D). He contends that the affidavit in support of the search warrant contains information gained from the use of an unconstitutional investigative technique which allowed the Government to gain private information from the Defendant's computer. The Court finds that defense counsel needs additional time to pursue the suppression motion and to prepare the case for trial in light of these unique factual and legal issues.

Additionally, litigation of the suppression motion will require additional time for the Government to respond, and the undersigned to hold a suppression hearing. 18 U.S.C. § 3161(h)(1)(D). Following the motion hearing, the undersigned will need time, not to exceed thirty days, to prepare a report and recommendation. 18 U.S.C. § 3161(h)(1)(H). The parties will need time to prepare objections and responses to objections, and the District Judge will need time to rule on the motion in light of the report and objections. 18 U.S.C. § 3161(h)(1)(H). Finally, counsel will need time to prepare for trial. The Court finds that all of this cannot take place by the May 17 trial date or in less than six months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's motion [**Doc. 15**] to continue the trial is **GRANTED**, and the trial is reset to **November 2, 2016**. The Court finds, and the parties agree, that all the time between the filing of the Defendant's Motion to Suppress on **April 21, 2016**, and the new trial date of **November 2, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the Government's response to the pending suppression motion is due on or before **May 20, 2016**. The parties are to appear before the undersigned for a suppression hearing on **June 15, 2016, at 9:30 a.m.** The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **October 3, 2016**. The Court instructs the parties that all motions *in limine* must be filed no later than **October 17, 2016**. Special requests for jury instructions shall be submitted to the District Court no later than **October 21, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Scarbrough's Motion to Continue Trial Date and Extend Filing Deadlines [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 2, 2016**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the Defendant's suppression motion on **April 21, 2016**, and the new trial date of **November 2, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Government shall respond to the suppression motion on or before **May 20, 2016**;

(5) The parties are to appear before the undersigned for a suppression hearing on **June 15, 2016, at 9:30 a.m.;**

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **October 3, 2016**;

(7) Motions *in limine* must be filed no later than **October 17, 2016**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **October 21, 2016**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge