UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:16-CR-35 [RLJ-CCS] |
| | ) | |
| THOMAS ALLAN SCARBROUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

Comes the Defendant, Thomas Allan Scarbrough, by and through counsel, and hereby replies to the United State's Response to the Defendant's Motion to Suppress (Doc. 19) as follows. The defendant moves this honorable court to enter an Order granting his *Motion to Suppress Evidence* of this matter.

**I.     INTRODUCTION**

As set out in the defendant's initial *Motion to Suppress* [Doc. 14], the "NIT warrant" was issued by a United States Magistrate Judge for the Eastern District of Virginia in February 2015 following the government taking control of "Website A". This "NIT warrant" authorized the issuance of the investigative tool or "NIT" onto any "activating computers" who logged onto the site. [Doc. 14, Exhibit A]. That pursuant to the NIT Warrant, on February 28, 2015 an NIT was issued to the Defendant's computer via his username for the website "teddybear555". [Doc.14.] The NIT relayed identifying information back to the Government from the Defendant's computer while simultaneously the Government was tracing the Defendant's username and activity on "Website A". [Doc. 14, Exhibit A]. That once the aforementioned identifying information was obtained, the Government filed an

application for a search warrant on the Defendant's personal residence which was issued on October 15, 2015 and executed on October 20, 2015. [Doc. 14 ]

In the instant case, the fruits of both the initial search pursuant to the NIT warrant and the subsequent search of the defendant's residence are subject to suppression based on the violation of Fed. R. Crim. P. 41(b). The issuance of the warrant was not in compliance with the jurisdictional limits placed upon magistrate judges under the rule, creating a substantive violation of the Rule itself. Furthermore, the issuance of such a warrant resulted in prejudice to the defendant, making the good faith exception in applicable in the instant case.

Additionally, a thorough and careful examination of the propriety of the warrant and the appropriate remedy for the violation of Rule 41(b) are especially important considering the fact that this is an issue of first impression before this court and also in the context of the conflicting and currently evolving caselaw among districts on the issue of suppression.

**II.     The Violation of Rule 41(b) is Substantive and Cannot be Cured by the Good Faith Exception set out in Leon.**

  **A.  The violation of Rule 41(b) was substantive, not "merely technical"**

The violation of Rule 41(b) was more than a mere technical violation as argued by the United States. A violation going to the substance of the rule, rather than a technical violation is analyzed by the court as more indicative of meriting suppression than one of a technical nature as it goes to the foundation of the Rule. This notion is confirmed in recent cases addressing the NIT warrant in question. In United States v. Arterbury, the court highlighted the substantive violation stating that, "The court rejects the notion that this case presents nothing more than a 'technical violation' of Rule 41." United States v. Arterbury,

No. 15-CR-182-JHP (N.D.Okla. April 25, 2016) at *25. The court then went on to state that, "…in this case, the violation of Rule 41 goes to the fundamental jurisdiction and 'substantive judicial authority' of the magistrate judge to issue the NIT Warrant" Id. The court in United States v. Levin noted in a similar reasoning that:

> "Courts faced with violations of Rule 41's procedural requirements have generally found such violations to be merely ministerial or technical, and as a result have determined suppression to be unwarranted… By contrast, this case involves a violation of Rule 41(b), which is a 'substantive provision'"

United States v. Levin, No. 15-10271-WGY(D. Mass. Mar. 20, 2016) at *7.

These courts highlight that the core of the Rule is to limit jurisdiction, and thus a violation of that jurisdictional power is clearly substantive, not technical. Furthermore, the recent cases applicable to the instant warrant note that if the rule were intended to extend to these types of situation, they would be drafted to include an exception. The Arterbury court noted "…the drafters of Rule 41 knew how to avoid the territorial limit on issuance of warrants when they wished to do so." United States v. Arterbury, No. 15-CR-182-JHP (N.D.Okla. April 25, 2016) at *17. The court then went on to note:

> "The drafters of Rule 41 could easily have included child pornography in Rule 41(b)(3) and, thereby, avoided the territorial limitation of Rule 41(b)(1) & (2). They did not do so. The court can only conclude that they did not intend to remove the territorial limit in cases such as the one before the Court."

United States v. Arterbury, No. 15-CR-182-JHP (N.D.Okla. April 25, 2016) at *17.

As previously stated, the NIT warrant here goes far beyond the limits set out by the rule, violating the spirit and substance of Rule 41(b).

3

Case 3:16-cr-00035-RLJ-CCS   Document 20   Filed 06/06/16   Page 3 of 8   PageID #: 165

B. **The violation of Rule 41(b) resulted in Prejudice**

When addressing the issue of suppression in the context of a Rule 41 violation, the court must find that the violation resulted in prejudice, meaning that the search would not have occurred or been as abrasive had the rule been followed or find that there was intentional or deliberate disregard for the rule. See United States v. Searp, 586 F.2d 1117, 1125 (6th Cir. 1978). In the instant case, both prongs that would merit suppression have occurred. Prejudice is shown if the search would not have occurred or would not have been as harsh without the violation. United States v. Searp, 586 F.2d 1117, 1125 (6th Cir. 1978). As noted by the United States, the defendant had utilized the Tor browser which without the NIT Warrant would have made it otherwise impossible for the government to execute an NIT upon the Defendant's computer. [See Doc. 19]. Such an explanation of the basis for the warrant necessitates a conclusion that the defendant was prejudiced by the warrant's execution because by law enforcement's own admission there was no other method to obtain the identity of the defendant but for the use of an NIT. No such search would have nor could have taken place were it not for the warrant, establishing prejudice. Additionally, law enforcement was aware that without the warrant, they would have no other method to find the individuals that logged onto Website A (which was maintained for this specific purpose) as explained in the Affidavit in Support of NIT Warrant. Such information and understanding by law enforcement appears to show a deliberate disregard for the jurisdictional limits set out within the rule, just the conduct that the exclusionary doctrine seeks to discourage. The implications of both the level of prejudice on the defendant and the deliberate conduct of law enforcement are directly applicable to the determination of exclusion under the good faith exception as set out below.

The Sixth Circuit has addressed the application of the good faith exception in cases where a warrant is in violation of Rule 41. Initially in United States v. Scott, the Sixth Circuit noted that, "when a warrant is signed by someone who lacks the legal authority necessary to issue search warrants, the warrant is void *ab initio.*" United States v. Scott, 260 F.3d 512, 515 (6th Cir.2001). Under the *ab initio* logic, the NIT warrant in the instant case would require exclusion because of the inherent lack of authority by the issuing magistrate judge under Federal Rule 41. However, the Sixth Circuit then changed the applicable standard in United States v. Master, noting that even a warrant that is void *ab initio* may be saved under the good faith exception in some circumstances. United States v. Master, 614 F.3d 236, 239, (6th Cir. 2010). Master noted that in the opinion of the court recent Supreme Court cases surrounding the good faith exception had created a balancing test to determine the need for suppression. Id at 243. The court noted that the benefits of the deterrence on police conduct must outweigh the societal costs of suppression for the court to employ the good faith exception. Id. The Sixth Circuit noted that in making this determination, all relevant facts and circumstances should be relevant in the balance. Id.

In the instant case, the defendant would ask the court to consider the totality of the circumstances in making the suppression determination, including not only the global implications of the decision in such a specific set of facts, but also the context of other caselaw in surrounding districts on this specific issue. Additionally, the decisions of various courts related to the specific NIT Warrant will have a substantial effect on the decisions of federal magistrate judges whose jurisdiction may be extended indefinitely under the guise of technical violations should courts refuse to suppress the fruits of such warrants.

The court in United States v. Levin examined the current caselaw across districts in making its determination, and chose to suppress the fruits of the NIT Warrant in this case refusing to apply the good faith exception. United States v. Levin, No. 15-10271-WGY(D. Mass. Mar. 20, 2016)[1] The Levin court recognized that the Sixth Circuit has specific discussion of the good faith exception in similar cases, however went on to reject the Sixth Circuit's reasoning stating that the circuit "read the supreme Court's recent good-faith cases too broadly" Id. The court then argues that in reading precedent too broadly, the court noted that the logic utilized in Master should not have changed the *ab initio* standard:

> "Neither Hudson nor Herring—both of which the Master court cited in support of its conclusion that Scott's holding is no longer tenable, see 614 F.3d at 242—requires the conclusion that the good-faith exception applies to evidence seized pursuant to a warrant that was void ab initio."

United States v. Levin, No. CR 15-10271-WGY, 2016 WL 1589824, at *11-12.

Furthermore, even if the logic set out in Masters was upheld by this court, a balancing standard would then be applied to the instant case, weighing in favor of exclusion. The balancing test requires that in order to suppress evidence the need for deterrence must outweigh the social costs of suppression. United States v. Master, 614 F.3d 236, 239, (6th Cir. 2010). In the instant case, the balance weighs in favor of exclusion. The conduct of the magistrate judge and law enforcement in seeking a warrant that was in violation of the Rule requires deterrence to prevent any further expansion or implementation of this nature. Additionally, the level of prejudice is significant because no search of the defendant, or

---

[1] The United States sets out all the cases that have addressed the NIT warrant and Motions for suppression to date. See Doc 19. P. 13 fn.4. United States v. Levin, No. 15-10271-WGY(D. Mass. Mar. 20, 2016); United States v. Arterbury, No. 15-CR-182-JHP (N.D.Okla. April 25, 2016); United States v. Michaud, 2016 WL 337263 (W.D.Wash. Jan. 28, 2016); United States v. Epich, 2016 WL 953269 (E.D.Wis. March 14, 2016); United States v. Stamper, No. 15-cr-109 (S.D. Ohio Feb. 19, 2016); United States v. Werdene, 2:15-cr-004340-GJP (E.D.Pa May 19, 2016).

notably many other defendants, would have occurred without the intentional violation of the rule. Such a violation is substantive and the Courts must balance the totality of these specific circumstances in reaching a decision with regard to suppression. Further, a decision to deny suppression would create an expansion of authority for law enforcement and magistrate judges that would create a ripple effect throughout not only this district but others currently considering this question of law.

## III. CONCLUSION

In the instant case, the court faces a decision yet to be settled within the Sixth Circuit. This issue is one of serious implications not only for the defendant but also for the nation affecting not only defendants challenging the NIT warrant but also those challenging the growing power of magistrate judges and law enforcement under the Federal Rules. The NIT warrant as applied to the Defendant is a substantive violation of Fed. R. Crim. P. 41(b). Additionally, the violation of the rule resulted in prejudice to the defendant that can only be remedied by suppression as the good faith exception is inapplicable.

WHEREFORE, the Accused, Thomas A. Scarbrough, respectfully moves this Honorable Court for an Order granting his *Motion to Suppress.*

RESPECTFULLY SUBMITTED this Monday, June 06, 2016.

      /s/ Gregory P. Isaacs
     GREGORY P. ISAACS, BPR #013282

THE ISAACS LAW FIRM
618 South Gay Street, Suite 300
Post Office Box 2448
Knoxville, Tennessee 37901-2448
865.673.4953
www.isaacslawfirm.com
Gpi@isaacslawfirm.com

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing pleading was filed electronically and has been served on counsel set forth below, pursuant to the Fed. R. Crim. P., by the U.S.D.C. electronic filing system to carry the same to its destination.

AUSA Matthew T. Morris
United States Assistant Attorney General
Howard H. Baker, Jr. U.S. Courthouse
800 Market Street, Room 211
Knoxville, Tennessee 37902
865.225.1707
Matt.Morris@usdoj.gov

DATED this Monday, June 06, 2016.

/s/ Gregory P. Isaacs
GREGORY P. ISAACS