UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:16-CR-035 |
| | ) |
| THOMAS ALLAN SCARBROUGH | ) |

**MEMORANDUM AND ORDER**

The defendant is charged with distributing and possessing child pornography. He has filed a motion [doc. 14] to suppress all evidence obtained pursuant to, and stemming from, a February 2015 Network Investigative Technique ("NIT") warrant executed in the Eastern District of Virginia.

United States Magistrate Judge Clifford Shirley heard arguments on June 15, 2016. Now before the court is the magistrate judge's August 26, 2016 report and recommendation ("R&R"), recommending that the suppression motion be denied. [Doc. 28]. The defendant objects to the R&R, and the United States has filed a response. [Docs. 29, 30].

The court has carefully reviewed and considered the R&R along with the arguments, exhibits, and supplemental authority presented by the parties. For the reasons that follow, the defendant's objections will be overruled and his motion will be denied.

I.

*Standard of Review*

A district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

II.

*Relevant Background*

The facts of this case are correctly presented in the magistrate judge's well-written R&R and need not be repeated herein. The magistrate judge's findings of fact are hereby adopted in full.

III.

*Analysis*

The court further agrees with the magistrate judge's conclusion that the Virginia warrant violates both the Fourth Amendment and Rule 41 of the Federal Rules of Criminal Procedure. In its response brief, the United States expresses disagreement with the magistrate judge's conclusion regarding Rule 41(b). The United States did not, however, formally object. Again, it is necessary for this court to review only "those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).

Turning to the defendant's objections, the magistrate judge concluded that the evidence flowing from the execution of the Virginia warrant is not automatically subject to exclusion, citing *United States v. Master*, 614 F.3d 236 (6th Cir. 2010). The defendant now "urges" this court to "reexamine" *Master*, a case he deems "seemingly erroneous." This court does not "reexamine" Sixth Circuit precedent. Instead, this court *follows* it.

*Master* directs lower courts to employ a balancing test, "requiring that in order for a court to suppress evidence following the finding of a Fourth Amendment violation, the benefits of deterrence must outweigh the costs." *Id.* at 243 (citing and quoting *Herring v. United States*, 555 U.S. 135, 141 (2009)). Lower courts' analysis should be "weighed more toward preserving evidence for use in obtaining convictions, even if illegally seized, than toward excluding evidence in order to deter police misconduct unless the officers engage in deliberate, reckless, or grossly negligent conduct." *Id.* (citing and quoting *Herring*, 555 U.S. at 144).

> [I]n all suppression cases, all of the relevant facts and circumstances should be weighed in the balance; and the crucial finding needed to suppress evidence is whether police [mis]conduct [is] sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system.

*Id.* (citing and quoting *Herring*, 555 U.S. at 144).

In balancing the present facts and circumstances, the magistrate judge first correctly concluded that suppressing the evidence in this case would not meaningfully

3

deter future law enforcement misconduct. The defendant's objections that officers acted deliberately, recklessly, or with gross negligence, and that it should have been apparent to law enforcement that the Virginia magistrate lacked authority to sign the warrant, are simply unsupported by the record.

As noted in the R&R, law enforcement disclosed all pertinent facts to the Virginia magistrate. *See, e.g., United States v. Ammons*, No. 3:16-CR-00011-TBR-DW, 2016 WL 4926438, at *9 (W.D. Ky. Sept. 14, 2016) ("In this case . . . the FBI agents provided the magistrate with all the information she needed to satisfy [herself] of [her] jurisdiction before proceeding.") (citations omitted) (alterations in original); *see also United States v. Acevedo-Lemus*, No. SACR 15-00137-CJC, 2016 WL 4208436, at *7 (C.D. Cal. Aug. 8, 2016) ("[T]here is no reason to believe that the FBI intentionally and deliberately violated Rule 41 by seeking the NIT Warrant."). As in *Master*, nothing in the present record indicates that law enforcement "had any improper motivation to seek out" the incorrect judge. *Master*, 614 F.3d at 243.

Further,

> [t]he FBI agents can hardly be faulted for failing to understand the intricacies of the jurisdiction of federal magistrates. . . . After all, there is disagreement among reasonable jurists on that very question. . . . The fact that courts are presently divided over whether the NIT warrant even violated Rule 41 is compelling evidence that the FBI did not . . . deliberately violate the Rule by seeking the warrant in the first instance.

*Ammons*, 2016 WL 4926438, at *9 (citations and quotations omitted); *accord Acevedo-Lemus*, 2016 WL 4208436, at *7; *United States v. Michaud*, No. 3:15-cr-05351-RJB,

4

2016 WL 337263, at *7 (W.D. Wash. Jan. 28, 2016) ("reasonable minds can differ as to the degree of Rule 41(b)'s flexibility in uncharted territory"). To the extent that there was error in this investigation, such error "rests with the issuing magistrate, not the police officer, and 'punish[ing] the errors of judges' is not the office of the exclusionary rule." *Davis v. United States*, 564 U.S. 229, 238-39 (2011) (citing and quoting *United States v. Leon*, 468 U.S. 897, 916 (1984)).

On the other side of the ledger, the defendant objects that the high societal cost of appeals in these cases weighs in favor of suppression. That argument is unpersuasive. The defendant himself acknowledges that a great number of these cases will be appealed regardless of the district courts' rulings. Defendant's general and conclusive argument regarding the need to protect the privacy rights of all citizens is similarly unpersuasive.

The magistrate judge in this case correctly concluded that the *Leon* good faith exception applies. The undersigned agrees completely.

IV.

*Conclusion*

For the reasons provided herein, the court **ADOPTS IN FULL** the findings of fact and conclusions of law set forth in Magistrate Judge Shirley's report and recommendation. [Doc. 28]. The defendant's objections [doc. 29] are **OVERRULED**, and his suppression motion [doc. 14] is **DENIED**. This case remains set for trial on November 2, 2016.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge
