IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:16-CR-35 |
| v. ) | |
| ) | |
| ) | |
| THOMAS ALLEN SCARBROUGH, ) | (JORDAN / SHIRLEY) |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial Date [Doc. 35], filed on October 13, 2016. The Defendant requests an ends of justice continuance of the November 2, 2017 trial in this case, contending that defense counsel needs time to investigate the facts and circumstances of the issuance of a NIT search warrant from the Eastern District of Virginia for his computer. He observes that this case is legally and factually complex and that, along with the aforementioned search warrant, the FBI's operation of a website raised matters of first impression, which counsel needs to investigate. Accordingly, he argues that this case is so unusual and complex, due to the novel factual and legal issues involved, that it is unreasonable to expect counsel to prepare for trial adequately within the time limits set by the Speedy Trial Act. The motion states that the Government does not oppose the requested trial continuance. Counsel

1

for both parties have conferred with Chambers and agree on a new trial date of February 28, 2017.

The Court finds the Defendant's motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that the Defendant has litigated a Motion to Suppress [Doc. 14] evidence with regard to a search warrant issued in the Eastern District of Virginia. The motion raised novel legal issues relating to a Network Investigative Technique (NIT), which caused the computers, wherever located, logging on to a child pornography website hosted by the FBI in the Eastern District of Virginia to send identifying information to a government computer. Courts around the country have grappled with the validity of this search warrant. The undersigned held a hearing on this motion on June 15, 2016, and issued a Report and Recommendation [Doc. 28] on August 26, 2016, recommending that the motion be denied. District Judge Jordan denied [Doc. 34] the suppression motion, following the filing of objections, on October 11, 2016. The Court agrees that the issues raised in this case are novel and complex. Thus, the undersigned finds that due to novel issues of law and fact, this case should be deemed complex, because it is "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Moreover, the Defendant has only recently received a ruling on his suppression motion and asks for additional time for counsel to prepare for trial following the Court's ruling on the novel issues in this case. Given the novel legal and factual issues in this case, the Court finds that defense counsel does not have time to prepare for trial by the November 2 trial date or in

less than four months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's motion [**Doc. 35**] to continue the trial is **GRANTED**, and the trial is reset to **February 28, 2017**. The Court finds that all the time between the filing of the Defendant's Motion to Continue Trial Date on **October 13, 2016**, and the new trial date of **February 28, 2017**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **January 31, 2017**. The Court instructs the parties that all motions *in limine* must be filed no later than **February 13, 2017**. Special requests for jury instructions shall be submitted to the District Court no later than **February 17, 2017**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Scarbrough's Motion to Continue Trial Date [**Doc. 35**] is **GRANTED**;

(2) This case is declared to be complex for purposes of the Speedy Trial Act;

(3) The trial of this matter is reset to commence on **February 28, 2017**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(4) All time between the filing of the Defendant's motion on **October 13, 2016**, and the new trial date of **February 28, 2017**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **January 31, 2017**;

(6) Motions *in limine* must be filed no later than **February 13, 2017**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **February 17, 2017**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge